IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH MARTELL,

    Petitioner,

v.                                         No.     CV 16-681-JCH-GBW
                                                               CR 10-3369-JCH

UNITED STATES OF AMERICA,

    Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, OVERRULING PETITIONER'S OBJECTIONS AND DENYING PETITIONER'S MOTION**

This matter is before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 11*). Being fully advised, the Court will overrule the objections, adopt the Proposed Findings and Recommended Disposition (*doc. 10*), and deny Petitioner's Motion (*doc. 1*).

**I.    BACKGROUND**

On June 7, 2011, pursuant to a plea agreement, Petitioner pled guilty to an indictment charging him with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). *Cr. docs. 29, 30, 31*. The plea agreement included a provision entitled "Waiver of Appeal Rights." *Cr. doc. 30 ¶ 13*.

Petitioner's sentencing guideline range was determined pursuant to U.S.S.G. § 2K2.1. As reflected in the presentence report (PSR), Petitioner had been convicted in North Dakota of burglary. PSR ¶ 34, 45. This burglary conviction was considered a

"crime of violence" under the definition found in U.S.S.G. § 4B1.2(a)(2)[1] which subjected him to a higher base offense level under U.S.S.G. § 2K2.1(a). PSR ¶ 34. Due to other enhancements and a reduction for acceptance of responsibility, Petitioner's total offense level was 23. PSR ¶ 42. With a criminal history category of VI, Petitioner's sentencing guideline range was 92-115 months. PSR ¶¶ 60, 91. After a sentencing hearing, the Court imposed a sentence of 92 months.

Petitioner's Motion argues that his conviction for burglary is no longer a crime of violence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Doc. 1* at 2-5, 9-13. He contends that the *Johnson* decision should be applied retroactively to invalidate the enhanced base offense level calculation. *See id.* at 6-9. Consequently, he argues that he should be resentenced with the properly calculated sentencing guideline range of 51-63 months. *Id*. at 5, 15. The United States contends that Petitioner's motion fails for three reasons: (i) he waived his right to bring this collateral attack, (ii) the application of *Johnson* to the guidelines should not be given retroactive effect, and (iii) his burglary conviction remains a crime of violence under U.S.S.G. § 4B1.2(a)(2) after *Johnson*. *See generally doc. 5*.

On January 12, 2017, the Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD). *Doc. 10*. He concluded that Petitioner's Motion

---

[1] This provision was amended on August 1, 2016. The amendment deleted the residual clause discussed herein from the definition of "crime of violence." The remainder of the definition remained the same. Because it is the relevant provision, citations to U.S.S.G. § 4B1.2(a)(2) refer to the pre-2016 amendment version.

does not fall within the scope of his waiver of collateral attack rights found in his plea agreement.  Therefore, he recommended rejecting the United States' argument that the Court should enforce the waiver here.  Next, the Magistrate Judge concluded that the application of *Johnson* to the guidelines would not have retroactive effect under the *Teague* analysis, because it would be a non-watershed procedural rule.  Therefore, he recommended denying Petitioner's motion on that ground.  Nonetheless, in case the Court disagreed with the recommendation regarding non-retroactivity, he considered whether Petitioner's conviction for North Dakota burglary remains a "crime of violence" under U.S.S.G. § 2K2.1(a)(2), as defined in § 4B1.2(a) (2009), even after redacting its residual clause.  On that issue, he concluded that it does not.  Therefore, if the Court finds the application of *Johnson* to the guidelines to have retroactive effect, the Magistrate Judge recommended granting Petitioner's Motion.

On January 25, 2017, Petitioner filed Objections to the PFRD.  *Doc. 11*.  Petitioner "objects solely to the finding that the application of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) to the United States Sentencing Guidelines would be a non-watershed procedural rule, as such, would not have retroactive application to [Petitioner's] sentence."  *Id*. at 2.  The United States filed no objections.

II. **LEGAL STANDARD APPLICABLE TO OBJECTION**

Petitioner's Motion (*doc. 1*) was referred to Magistrate Judge Wormuth pursuant to Title 28 U.S.C. § 636(b)(1)(B).  *See doc. 4*.  Under that referral provision, the Court's

standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When neither party objects to a finding or recommendation, no further review by the district court is required. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.  ADOPTION OF FINDINGS AND RECOMMENDATIONS WITHOUT OBJECTIONS

Neither party objected to the Magistrate Judge's findings and recommendations regarding the waiver issue or the North Dakota burglary conviction issue. The Court agrees with the analysis of those issues and adopts it. Therefore, the Court finds that Petitioner's Motion does not fall within the scope of his waiver of collateral attack rights found in his plea agreement. Therefore, the United States' effort to enforce the waiver is denied. Furthermore, the Court finds that Petitioner's North Dakota conviction for

Class C felony burglary would not be a "crime of violence" under U.S.S.G. § 2K2.1(a)(2), as defined in § 4B1.2(a) (2009), after redacting its residual clause.

## IV.   RETROACTIVITY

The sole disputed issue is whether the rule on which Petitioner's argument is based would be applicable retroactively.  Petitioner's argument has its genesis in *Johnson*.  In that case, the Supreme Court held that the residual clause of the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B) – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – is unconstitutionally vague. 135 S. Ct. at 2563.  Therefore, individuals could not be subject to the enhanced statutory punishment under the ACCA if their underlying prior convictions offered as the basis for its application qualified as "violent felonies" only under the vague residual clause. *Id*.  The Supreme Court announced that *Johnson* would apply retroactively on collateral review in *Welch v. United States*, reasoning that Johnson announced a substantive new rule. 136 S. Ct. 1257, 1264-65 (2016).

However, Petitioner was not sentenced pursuant to the ACCA.  Instead, he received an enhancement to his sentencing guideline range pursuant to the definition of "crime of violence" in U.S.S.G. § 4B1.2.  That guideline provision, which resulted in a six-level increase to the base offense level pursuant to U.S.S.G. § 2K2.1(a)(2), contained a residual clause identical to the residual clause in the ACCA. *See* U.S.S.G. § 4B1.2(a)(2);

5

18 U.S.C. § 924(e)(2)(B)(ii).  In order to be entitled to resentencing on the basis that his conviction for burglary is not a "crime of violence," Petitioner must first establish that the residual clause of the guideline provision is also unconstitutional for vagueness, and that his sentence was enhanced pursuant to that clause.  In *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015), on direct appeal, the Tenth Circuit indeed held that use of the residual clause in U.S.S.G. § 4B1.2 to calculate and enhance sentencing guideline ranges is unconstitutional because the clause is void for vagueness.  Consequently, the United States has conceded this point.  Nonetheless, because Petitioner's motion is a collateral attack on his sentence, he would not be entitled to relief unless such a decision applies retroactively.

    Because extending the reasoning of *Johnson* to the sentencing guidelines establishes a new rule, the question of retroactivity is governed by the framework set out in *Teague v. Lane*, 489 U.S. 288, 309-13 (1989) (plurality).  "[A]s a general matter, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'"  *Welch*, 136 S. Ct. at 1264 (quoting *Teague*, 489 U.S. at 310).  There are two exceptions to this general rule: first, "new substantive rules generally apply retroactively," *id*. (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)) (alteration omitted) (emphasis deleted); and second, "new 'watershed rules of criminal procedure,' which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,' will also have

retroactive effect." *Id*. (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

First, the Court must decide whether the application of *Johnson*'s reasoning to the guidelines constitutes a new substantive rule or a new procedural rule. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. at 351-52 (citations omitted). By contrast, procedural rules "regulate only the manner of determining the defendant's culpability[.]" *Id*. at 353 (emphasis deleted). Thus, rules that alter "the range of permissible methods for determining whether a defendant's conduct is punishable" by "allocating decisionmaking authority" are procedural. *Id*. Procedural rules also do not create a class of persons convicted of conduct that is not lawfully criminalized, "but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id*. at 352. In the PFRD, the Magistrate Judge concluded that applying the reasoning of *Johnson* to the guidelines would be a procedural rule. *See doc. 10* at 8-12. The Court agrees.

Petitioner argues that the PFRD's "error is in determining that [the *Johnson*] reasoning moves from a substantive rule to a procedural rule based upon the context of its application." *Doc. 11* at 2. He contends that the "substantive nature of the Johnson

7

rule, recognized definitively in *Welch* . . . does not change based on the context of the claim [because] the same rule [cannot] be substantive and retroactive in one context but procedural and not retroactive in another." *Id*. at 3 (quotations and citations omitted).

Characterizing the rule in *Johnson* as "the same" as the rule announced in *Madrid* is too simplistic. Indeed, both opinions rely on an application of a more basic and undeniable rule founded on the Fifth Amendment – the "prohibition of vagueness in criminal statutes." *Johnson*, 135 S. Ct. at 2556-57; *see also Madrid*, 805 F.3d at 1210-11. And both opinions deal with identical language. However, despite its substantive impact in obviating an automatic fifteen-year minimum sentence when applied to the ACCA, the *Madrid* rule that this language is unconstitutionally vague where found in the sentencing guidelines affects only the process of calculating a defendant's offense level pursuant to those advisory guidelines.

Applying the framework of *Teague*, the Supreme Court concluded that *Johnson*'s invalidation of the ACCA's residual clause was a new substantive rule because it "changed the substantive reach of the Armed Career Criminal Act . . . ." *See Welch*, 136 S. Ct. at 1265. As the Court explained,

> Before *Johnson*, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that even the use of impeccable factfinding procedures could

8

not legitimate a sentence based on that clause.

*Id*. (quotation and citations omitted).

In contrast, the invalidity of a given sentencing guideline provision does not create such a drastic impact. While the new rule may change a defendant's sentencing guideline range, it will not change the maximum or minimum sentence to which he is subject. Consequently, a sentence imposed, even after considering a guideline provision later determined to be invalid, will never exceed the statutorily authorized sentence for the crime for which the defendant was convicted. Thus, such a sentence is not illegal or unlawful. *See Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (360-month sentence imposed following an erroneous determination that defendant was a career offender pursuant to the sentencing guidelines was "not unlawful" because "[a]n unlawful or illegal sentence is one imposed without, or in excess of, statutory authority."). As the Magistrate Judge points out, because the sentencing guidelines are advisory, "unlike in *Johnson*, where the ACCA increased the statutory maximum sentence, the sentence imposed using the problematic guideline provision can indeed be 'legitimate[d]' merely by a judge's determination that the sentence was still appropriate." *Doc. 10* at 10 (citing *Welch*, 136 S. Ct. at 1265; *United States v. Booker*, 543 U.S. 220, 246 (2005)). The fact that the Court could easily sentence Petitioner to the same sentence he originally received notwithstanding the invalidation of the guideline provision is a powerful indicator that the rule, when applied to

9

advisory sentencing guidelines, is not substantive.

Instead, invalidation of a given sentencing guideline provision impacts but one step in a multi-step sentencing procedure. Importantly, while "'a sentence within the applicable Guidelines range is presumptively reasonable[,]' *United States v. Terrell*, 445 F.3d 1261, 1264 (10th Cir.2006), '[t]his presumption, however, is an appellate presumption, not one that the trial court can or should apply.'" *United States v. Nolf*, 30 F. Supp. 3d 1200, 1212 (D.N.M. June 20, 2014) (Browning, J.); *see also Rita v. United States*, 551 U.S. 338, 347–48 (2007); *Gall*, 552 U.S. at 40-41; *Kimbrough v. United States*, 552 U.S. 85, 90–91 (2007). "Instead, the trial court must undertake the § 3553(a) balancing of factors without any presumption in favor of the advisory Guideline sentence." *Nolf*, 30 F. Supp. 3d at 1212 (citing *Rita*, 551 U.S. at 347–48; *Gall*, 552 U.S. at 40; *Kimbrough*, 552 U.S. at 90–91). For its part, the Supreme Court has characterized errors in calculating the advisory guidelines range as "procedural." *See, e.g.*, *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). For these reasons, the Court agrees with the Magistrate Judge that the rule established in *Madrid* is procedural. *See Hawkins II v. United States*, 724 F.3d 915, 917-18 (7th Cir. 2013) (holding that "errors in applying advisory guidelines are procedural," and opining that a new rule that erroneously sentencing a defendant under current Guidelines rather than less punitive Guidelines in effect at the time of offense is a violation of the *Ex Post Facto* Clause would therefore not be applied retroactively under *Teague*).

Having concluded that the application of *Johnson* to the guidelines is a procedural rule, it can only be applied retroactively if it constitutes a "watershed" rule of criminal procedure. *Saffle*, 494 U.S. at 495. Petitioner presents no argument that, if the rule were procedural, it would qualify as watershed. For the reasons presented in the PFRD, the Court agrees that it does not so qualify. *See doc. 10* at 11-12.

V. **CONCLUSION**

Petitioner's Motion does not fall within the scope of his waiver of collateral attack rights found in his plea agreement. Therefore, the Court denies the United States' effort to enforce the waiver here.

The Court holds that the application of *Johnson* to the guidelines would not have retroactive effect under the *Teague* analysis because it would be a non-watershed procedural rule. Therefore, Petitioner's motion is DENIED.

_____
JUDITH C. HERRERA
United States District Judge